MICHAEL A. KAKUK
Assistant United States Attorney
United States Attorney's Office
901 Front Street, Suite 1100
Helena, Montana 59626
Phone:	(406) 457-5262
E-mail:	Michael.Kakuk@usdoj.gov

ROBYN N. PULLIO
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
300 N. Los Angeles Street, Suite 2001
Los Angeles, California 90012
Phone:	(202) 365-6897
Email:	Robyn.Pullio@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. MARK ALLEN HILL, Defendant. | CR 20-67-GF-BMM<br><br>OFFER OF PROOF |
|---|---|

Defendant Mark Allen Hill ("Defendant") has signed a plea agreement with the United States Attorney's Office for the District of Montana and the Fraud

1

Section of the Criminal Division of the United States Department of Justice (collectively, the "United States"), which contemplates his plea of guilty to Count 1 of the Indictment (the "Plea Agreement"). Count 1 charges Defendant with committing the crime of conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349.

The United States has presented all formal plea offers to the Defendant in writing. The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the only and most favorable offer extended to the Defendant. *See Missouri v. Frye*, 132 S.Ct. 1399 (2012).

**ELEMENTS.** Defendant understands that for Defendant to be guilty of the crime charged in Count 1, that is, conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349, the following must be true:

First, between on or about October 15, 2017, and continuing through on or about April 24, 2019, there was an agreement between two or more persons to commit the crime of health care fraud, in violation of Title 18, United States Code, Section 1347; and

Second, Defendant became a member of the conspiracy knowing its object and intending to help accomplish it.

Furthermore, Defendant understands, that the elements of health care fraud, in violation of Title 18, United States Code, Section 1347, are as follows:

2

First, the Defendant knowingly and willfully executed a scheme or plan to defraud a health care benefit program, or a scheme or plan to obtain money or property owned by, or under the custody or control of, a health care benefit program by means of material false or fraudulent pretenses, presentations, or promises;

Second, Defendant acted with the intent to defraud, that is, the intent to deceive and cheat;

Third, Medicare was a health care benefit program; and

Fourth, the scheme or plan was executed in connection with the delivery of or payment for health care benefits, items, or services.

**PROOF.** If called upon to prove this case at trial, and to provide a factual basis for Defendant's plea, the United States would present, by way of the testimony of law enforcement officers, lay witnesses, expert witnesses, and physical evidence, the following:

Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program" as defined by Title 42, United States Code, Section 1320a-7b(f), that provided benefits to individuals who were either 65 years of age and older, or disabled. Individuals who qualified for Medicare benefits were referred to as Medicare "beneficiaries." Medicare reimbursed suppliers for providing durable medical equipment ("DME") to

3

beneficiaries who were eligible to receive Medicare Part B benefits, which included, among other things, coverage for reusable orthotic devices such as rigid and semi-rigid braces for the knee, back, shoulder, and wrist (collectively, "braces").

Defendant was a licensed nurse practitioner in Montana, Iowa, Maine, Minnesota, Mississippi, North Dakota, South Dakota, and Washington. Defendant was also enrolled as a medical provider with Medicare. Defendant's address of record for participation in the Medicare program was in Cut Bank, Montana.

From on or about October 15, 2017, and continuing through on or about April 24, 2019, in the District of Montana and elsewhere, Defendant, together with Willie McNeal IV ("McNeal") and other persons both known and unknown, knowingly and willfully combined, conspired, and agreed to commit health care fraud, in violation of Title 18, United States Code, Section 1347. The criminal conspiracy operated, in substance, in the following manner:

During the conspiracy, Defendant worked primarily as a travelling, temporary fill-in, or "locum tenens" medical provider in clinics and emergency medical facilities in Montana, Washington, Minnesota, and North Dakota. In addition, in or around October 2017, Defendant began working for MedCare Staffing, Inc. ("MedCare"), a staffing company that hired medical providers to perform telemedicine consultations with Medicare beneficiaries located throughout

the United States for telemedicine companies, including a telemedicine company called Integrated Support Plus, Inc. ("Integrated").

From approximately October 2017 to December 2018, Defendant worked as a medical provider for Integrated through MedCare and, in this capacity, electronically signed orders/prescriptions for thousands of Medicare beneficiaries to receive various types of braces, including knee, back, shoulder, and wrist braces. MedCare paid Defendant approximately $22 for the brace orders/prescriptions that Defendant signed for each Medicare beneficiary through his telemedicine work with Integrated.

In approximately December 2018, Defendant switched to working directly for Integrated and Integrated's owner, McNeal, as a medical provider. Defendant continued to prescribe braces to Medicare beneficiaries in the same manner as he had previously done while working for Integrated through MedCare through approximately April 2019. During this time, Integrated paid Defendant approximately $30 for the brace orders/prescriptions that he signed for each Medicare beneficiary.

Throughout the course of the conspiracy, Defendant signed these electronic orders/prescriptions for braces knowing that these electronic orders/prescriptions—which each consisted of multi-paged documents labeled "detailed written order," "exam notes," and "letter of medical necessity"—were prepared by telemarketers

who had no medical training or certifications.  Defendant routinely signed these electronic orders/prescriptions for Medicare beneficiaries regardless of medical necessity, in the absence of a pre-existing medical provider-patient relationship, without a physical examination, and frequently based solely on a short telephonic conversation or with no interaction at all with Medicare beneficiaries.  On the majority of the occasions when the Defendant did briefly call a beneficiary or leave a recorded message for a beneficiary telling them that their brace prescriptions had been approved, Defendant did not confirm the information created by the telemarketer in the electronic brace orders/prescriptions with the beneficiary.

     Defendant signed these electronic orders/prescriptions for braces knowing that various DME companies would use this documentation to bill to Medicare for the braces "prescribed" by Defendant.  Between approximately October 2017 and April 2019, Defendant signed approximately 7,097 brace orders/prescriptions, which resulted in $10,055,436 billed to Medicare, of which Medicare paid approximately $5,054,866.  During this same time period, MedCare and Integrated paid Defendant at least $124,900 for the electronic orders/prescriptions for braces that he signed.

/ / /

Respectfully submitted this 13th day of April, 2021.

        LEIF JOHNSON
        Acting United States Attorney


        */s/ Michael Kakuk*
        Assistant U.S. Attorney
        Attorney for Plaintiff

        */s/ Daniel Kahn*
        Acting Chief, Fraud Section
        U.S. Department of Justice

        */s/ Robyn N. Pullio*
        Trial Attorney
        Attorney for Plaintiff